## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| MADELIN HOYOS, individually, | ) |
| Plaintiff, | ) CASE NO. |
| v. | ) JURY TRIAL DEMANDED |
| JAMES E. ALBERTELLI, P.A., a Florida professional association, | ) |
| Defendant. | ) |

## COMPLAINT

1. This is an action for damages arising from Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). Defendant violated said Act while attempting to collect a debt from Plaintiff by sending a written correspondence (hereinafter "dunning letter") for the purpose of collecting monies purportedly owed by Plaintiff on the mortgage securing her principal residence.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred here.

## PARTIES

3. Plaintiff Madelin Hoyos is a natural person who, at all times relevant to this action, is and was a resident of Miami-Dade County, Florida.

4. Plaintiff, who, as more fully described herein, is allegedly obligated to pay a debt and is therefore a consumer within the meaning of 15 U.S.C. § 1692a(3).

5. Defendant, James E. Albertelli, P.A. ("Albertelli Law"), is a Florida professional association, doing business in Miami-Dade County, Florida.

6. Defendant uses the mail and telephone in a business the principal purpose of which is the collection of debts. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. At some unknown time in the past, the mortgage loan servicer responsible for collecting mortgage payments due on the mortgage securing Plaintiff's principal residence retained Albertelli Law for the purpose of collecting monies purportedly owed on said mortgage.

8. On or after October 19, 2015, Albertelli Law sent or caused to be sent to Plaintiff dunning letter for the purpose of collecting monies purportedly owed by Plaintiff on the mortgage securing her principal residence.

9. The dunning letter failed to properly inform Plaintiff of the amount of the debt in contravention of 15 U.S.C. § 1692g(a)(1).

10. The dunning letter failed to disclose the name of the creditor to whom the debt was allegedly owed in contravention of 15 U.S.C. § 1692g(a)(2).

11. The dunning letter erroneously stated that Plaintiff could only "dispute the debt in writing" in contravention of 15 U.S.C. § 1692g(a)(3).

## STATUTE OF LIMITATIONS

12. The FDCPA is subject to a one year statute of limitations. 15 U.S.C. § 1692k(d).

13. The commencement of the class suit in *Pennigton v. James A. Albertelli, P.A.*, Case No. 5:16-cv-00200 (N.D. Fla.) tolled the running of the statute of limitations per the United

States Supreme Court's holding in *American Pipe and Construction Co. v. State of Utah*, 414 U.S. 538 (1974).

14. *Pennington* was filed on July 13, 2016 and Plaintiff opted-out of the class settlement in that action on September 7, 2017, ninety-seven (97) days prior to the filing of this action. Plaintiff received the dunning letter less than 268 days prior to July 13, 2016, and thus this action is timely filed.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g

15. Plaintiff incorporates paragraphs 1 through 14 as if fully set forth herein.

16. 15 U.S.C. § 1692g(a) provides in pertinent part:

**NOTICE OF DEBT; CONTENTS**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

> **(1)** the amount of the debt;
> **(2)** the name of the creditor to whom the debt is owed;
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

17. Defendant's dunning letter failed to state the amount of the debt, the name of the creditor, and erroneously required that Plaintiff dispute the debt in writing in violation of the foregoing sections of 15 U.S.C. § 1692g.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in his favor and against Defendant James E. Albertelli, P.A. for:

   a. Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

   b. Attorneys' fees, litigation expenses and costs of the instant suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

18.    Plaintiff demands a trial by jury.

Dated: December 13, 2017.

Respectfully submitted,

*s/ Scott D. Owens*
Scott D. Owens, Esq. (FBN 0598651)
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

*s/ Douglas J. Jeffrey*
Douglas J. Jeffrey, Esq. (FBN 149527)
LAW OFFICES OF DOUGLAS J. JEFFREY, P.A.
6625 Miami Lakes Drive East, Suite 379
Miami Lakes, Florida 33014
Tel: 305-828-4744
Fax: 305-828-4718
dj@jeffreylawfirm.com